IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SARAH PERKINS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE HARTFORD LIFE AND ACCIDENT )<br>INSURANCE COMPANY, et al., )<br>)<br>Defendants. )<br>_____ ) | Case No. 11-2557-KHV |

**MEMORANDUM AND ORDER**

This ERISA-benefits dispute is before the court on Hartford's motion for leave to file certain documents under seal. (Doc. 32). Specifically, Hartford seeks leave to file under seal:

    1. its proposed sur-reply brief;

    2. a chart showing the amount paid to University Disability Consortium;

    3. a contract for independent medical consulting services; and

    4. templates for performance appraisals of certain Hartford employees.

Hartford argues that these documents contain "confidential, personal, sensitive, proprietary, trade secret, commercial, financial, and/or business information" and that the disclosure of the information "may result in substantial economic or personal harm to the parties or non-party individuals." The documents have also been designated as CONFIDENTIAL by Hartford pursuant to the protective order in this case. (Doc. 31). For the reasons set forth

below, the motion shall be DENIED.

The public has a fundamental interest in understanding disputes that are presented to the court for resolution.  Crystal Grower's Corp. v. Dobbins. 616 F.2d 458, 461 (10th Cir. 1980).  Accordingly, any motion to seal must establish that the reasons for sealing court records outweigh the public interest in access to the documents.  Id., See also Nixon v. Warner Communications Inc., 435 U.S. 589, 599 (1978).  To establish good cause for sealing court records, a moving party must submit particular and specific facts and not merely "stereotyped and conclusory statements."  See Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n. 16 (1981).

Hartford's motion contains only "conclusory statements" and does not suggest why the information, if disclosed, would be harmful to any party.  Equally important, the documents reveal the relationship between Hartford and the company that provides medical reviews of individuals seeking ERISA disability benefits.  Public disclosure of the relationship between Hartford and the company that provides medical reviews will arguably lessen future discovery disputes concerning medical reviews conducted by "independent" medical providers.[1]  Under the circumstances, the court denies the motion to seal documents.

---

[1] The law concerning discovery in ERISA cases continues to evolve and, contrary to Hartford's suggestions, is not well settled.  Anecdotally, the overwhelming majority of such cases assigned to the undersigned judge require some judicial resolution of discovery disputes.  As in this case, a frequent issue is the relationship between the plan administrator/insurance company and its retained medical consultants— information that is generally unavailable to plaintiffs except through formal discovery requests.

**IT IS THEREFORE ORDERED** that Hartford's motion for leave to file documents under seal **(Doc. 32)** is **DENIED.**  Hartford shall file its motion for leave to file a sur-reply by **August 21, 2012.**  Plaintiff shall file any response to the motion by **August 24, 2012.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 17th day of August 2012.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge